No. 23-55202

IN THE UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

MMAS RESEARCH, LLC, a Washington Limited Liability Company,

*Plaintiff - Appellant,*

v.

THE CHARITE, ANIKA STEINER, ELISABETH THEISSEN, Dr., SMARTPATIENT GMBH, a German corporation, MY THERAPY, DOES, 1-50, inclusive,

*Defendants - Appellees.*

On Appeal from the United States District Court
for the Central District of California
No. 2:21-cv-01406
Hon. Michael W. Fitzgerald

**APPELLANT'S OPENING BRIEF**

Patricia Ray, Esq.
1317 Nettles Blvd.
Jensen Beach, Florida 34957
Telephone: (215) 908-6810
raypatricia@yahoo.com

*Attorney for Plaintiff - Appellant*

# TABLE OF CONTENTS

Page

TABLE OF CONTENTS ............................................................... i

TABLE OF AUTHORITIES ..................................................... iii

APPELLANT'S OPENING BRIEF ........................................... 1

INTRODUCTION ................................................................. 1

Statement of Jurisdiction ..................................................... 5

ISSUE(S) PRESENTED ....................................................... 5

STATEMENT OF THE CASE ............................................... 6

Background to Litigation and Licensing Under the CR2A
Agreement ........................................................................... 7

District Court Errors and the Faulty Record Below ...................... 9

The Dismissal of Morisky as Co-Plaintiff ..................................... 10

Defendants' Submissions ............................................................ 12

DMCA Infringement Count ......................................................... 15

SUMMARY OF THE ARGUMENT ....................................... 16

STANDARD OF REVIEW ...................................................... 16

ARGUMENT ........................................................................... 17

Issue 1: Whether the Court errored by failing to
acknowledge that the CR2A Settlement Agreement and the
"Infringement Authorization" Provide Plaintiff with
Standing to Sue for copyright infringement. ................................ 17

A.   Standard of Review. ............................................................. 17

B.   Under the CR2A Settlement Agreement and the
     Morisky "Infringement Authorization" Plaintiff has
     authorization and standing to bring this legal action............. 17

C.   Plaintiff Appellant's Standing to Sue is Confirmed in
     a Prior Federal Court Decision................................................ 18

D.   The Court has erred in dismissing the "Infringement
     Authorization" as a bare right to sue....................................... 19

    E. The Court erred in Determining that it appears Plaintiff had waived its right to sue..........................................20

Issue 2: Whether the Court Abused its Discretion by Not Recognizing that Defendants Unclean Hands and had Tainted the Record. ...............................................................21

    A. Standard of Review. ................................................21

    B. Defendants Unclean Hands Have Creating Misunderstanding that Impacted the District Court's Dismissal. ...........................................................22

    C. The Court overlooked Plaintiff/Appellants' Refutations and Relied on a Defective Record/........................23

    D. Defendants/Appellees Unclean hands Creating Misunderstanding that Impacted the District Courts Dismissal. ...........................................................24

Issue 3: Whether the District Court's erroneous requirement of demonstrating the source code use in the United States should be remanded for findings of Defendants' violation of DMCA Section 1202 on Integrity of Content Management. .............25

Issue 4: Whether the case should be remanded to address the state law claims of breach of contract and unfair competition as the Court does not have discretion to refuse the state claims in a diversity case. ...................................27

CONCLUSION ..........................................................29

STATEMENT OF RELATED CASES ..................................30

CERTIFICATE OF COMPLIANCE ....................................31

CERTIFICATE OF SERVICE .........................................32

# TABLE OF AUTHORITIES

Page

**Cases:**

*A&M Records, Inc. v. Napster, Inc.*
239 F.3d 1004 (9th Cir. 2001) ........................................................ 20

*AE ex rel. Hernandez v. Cnty. of Tulare*
666 F.3d 631 (9th Cir. 2012) ........................................................ 17

*Brooks v. Bank of Am., NA.*
2022 U.S. Dist. LEXIS 194540 ..................................................... 28

*Carnegie-Mellon Univ. v. Cohill*
484 U.S. 343 (1988) ...................................................................... 28

*Dollar Sys., Inc. v. Avcar Leasing Sys., Inc.*
890 F.2d 165 (9th Cir. 1989) ........................................................ 23

*DRK Photo v. McGraw-Hill Glob. Educ. Holdings, LLC*
870 F.3d 978 (9th Cir. 2017) ........................................................ 17

*Fahmy v. Jay-Z*
908 F.3d 383 (9th Cir. 2018) ........................................................ 17

*Fuddruckers, Inc. v. Doc's B.R. Others, Inc.*
826 F.2d 837 (9th Cir. 1987) ........................................................ 21

*Hampton v. Paramount Pictures Corp.*
279 F.2d 100 (9th Cir. 1960) ........................................................ 10

*In re Art & Architecture Books of the 21st Century*
518 B.R. 43 (2014) ........................................................................ 20

*Jarrow Formulas, Inc. v. Nutrition Now, Inc.*
304 F.3d 829 (9th Cir. 2002) ........................................................ 23

*Krechmer v. Tantaros*
747 F.App'x 6 (2d Cir. 2018) ........................................................ 26

*Lemke v. Ryan*
719 F.3d 1093 (9th Cir 2013) ....................................................... 19

*Parents for Privacy v. Barr*
141 S.Ct. 894 (2020) ..................................................................... 17

*Parents for Privacy v. Barr*
  949 F.3d 1210 (9th Cir. 2020) ........................................... 16

*Precision Instrument Mfg. Co. v. Auto. Main. Mach. Co.*
  324 U.S. 806 (1945) ........................................................ 23

*Rent-A-Ctr., Inc. v. Canyon Television & Appliance Rental, Inc.*
  944 F.2d 597 (9th Cir. 1991) ........................................... 23

*Sorosky v. Burroughs Corp.*
  826 F.2d 794 (9th Cir. 1987) ........................................... 28

*Thinket Ink Info. Res., Inc. v. Sun Microsystems, Inc.*
  368 F.3d 1053 (9th Cir. 2004) ......................................... 17

*TransWorld Airlines, Inc. v. Am. Coupon Exch., Inc.*
  913 F.2d 676 (9th Cir. 1990) ........................................... 21

*Warren v. Fox Family Worldwide, Inc.*
  328 F.3d 1136 (9th Cir. 2003) ......................................... 17

*Wash. Capitols Basketball Club, Inc. v. Barry*
  419 F.2d 472 (9th Cir. 1969) ..................................... 21, 22

**Statutes:**

17 U.S.C. § 101 ............................................................... 5

17 U.S.C. § 1202 ............................................................ 26

28 U.S.C. § 1331 ............................................................. 5

28 U.S.C. § 1332 ............................................................ 27

28 U.S.C. § 1338 ............................................................. 5

28 U.S.C. § 1367 ............................................................. 5

## Appellant's Opening Brief

## INTRODUCTION

Plaintiff/Appellant is the owner of the "MMAS RESEARCH WIDGET CODE" (the "Morisky Widget"), registered under United States Copyright Registration No. TX 8–816–517 (Registration date December 3, 2019) (the "Morisky Widget Copyright"). The Morisky Widget is an electronic diagnostic assessment protocol to measure and identify medication adherence behaviors, as further described below, and which includes registered translations of the widely used "Morisky Medication Adherence Scale (8-item)" ("MMAS-8") and "Morisky Medication Adherence Scale (4-item)" ("MMAS-4") tests, along with other validated assessments, specifically the Clinically Useful Depression Outcome Scale ("CUDOS") and Clinically Useful Anxiety Outcome Scale ("CUXOS") assessments, which are included in the registered source code of the Morisky Widget as part of its federal copyright registration.

Plaintiff/Appellant formed MMAS Research LLC, a Washington State LLC with Donald Morisky in December 2016. Morisky resigned voluntarily from MMAS Research LLC in July 2019 and gave up his 50% ownership in the firm's licenses which included a perpetual Morisky Widget license for the Charite Medical School and Hospital in Berlin Germany.

After Morisky resigned from MMAS Research LLC, Plaintiff/
Appellant and Morisky were engaged in litigation in Washington State
and Nevada from September 2019 until December 6, 2020 when MMAS
Research LLC and the Morisky party reached a settlement agreement
to resolve their disputes. The agreement was reduced to writing and
entered into by the parties pursuant to Washington Civil Rule 2A
(CR2A) on December 4, 2020.

On January 6, 2020, Plaintiff/Appellant filed this lawsuit in the
Superior Court of California, County of Los Angeles against the
Defendants/Appellees (hereinafter "Defendants" or "Charite") for breach
of contract. In February 2021 the MMAS Research LLC lawsuit was
amended and refiled to include Donald Morisky and MMAS Research
LLC as Plaintiffs.

On November 11, 2022 the Court granted a petition submitted by
Morisky's legal counsel allowing him to exit the case as co-Plaintiff
leaving MMAS to pursue the case alone. Morisky's petition to exit the
case had untruthfully stated that he was unaware of this litigation--
which Plaintiff/Appellant solidly contradicted. But, Defendants
repeatedly made submissions with unclean hands promoting the
untruth. And Defendants repeatedly assert that, throughout the record
that Morisky was unaware of this case and his exit as a co-plaintiff was
significant to MMAS standing as sole Plaintiff. This influenced the
dismissal of the case by the District Court on the misperception that
MMAS does not

have standing to sue without Dr. Morisky and that he was essential to carrying out the suit. Plaintiff/Appellant's submission of genuine, contrary evidence was to no avail. Plaintiff/Appellees appealed this case in part to clarify and rectify such error.

On February 28, 2023, the Court granted Defendants' Motion to Dismiss based on that and other errors, including a misinterpretation of a 2020 CR2A Settlement Agreement in which MMAS pledged to transfer its copyright to Dr. Morisky, if Dr. Morisky supported the settlement of 406 infringement claims and the servicing of over 200 perpetual Morisky Widget licenses. The transfer or assignment of the Morisky Widget copyright never took place because Morisky refused to meet his obligations to settle the 406 claims. An erroneous interpretation of the CR2A requirement to assign the Morisky Widget was taken out of context.

But the District Court's misperception of the CR2A shouldn't have mattered because MMAS is and has been the Morisky Widget copyright owner with multiple levels of authorization to bring breach of contract and copyright infringement suits, including the present case against Defendants which was authorized under a January 25,2022 "Infringement Authorization" executed by Morisky himself and his attorney assuring MMAS standing to bring precisely this kind of legal action on Plaintiff's and Morisky's behalf. However, there too the District Court

erroneously determined that the authorization letter signed by Dr. Morisky had no legal effect because it was created and signed after this case was filed by the Plaintiff.

A prior contrary decision in the Federal District Court in Western Washington acknowledging MMAS ownership of the copyright should have precluded the District Court's misinterpretations. But the District Court below gave no weight to the prior contrary finding in a sister Federal Court of equal standing in this Circuit.

The District Court also misread MMAS's case of Defendants' copyright infringement under the DMCA and incongruently required the use of source code to establish subject matter jurisdiction in the United States which is inapplicable to Plaintiff/Appellant's case.

Whereas the District Court has granted a Defendants/Appellees' Motion to dismiss the case on the basis of lack of subject matter jurisdiction for (1) lack of standing to sue for copyright infringement and (2)extraterritoriality of the infringement charge, those erroneous determinations should be reversed and remanded.

Finally, having dismissed the federal copyright cause of action on the above bases of subject matter jurisdiction, the District Court improperly declined to exercise diversity jurisdiction to reach additional causes of action, brought under diversity jurisdiction (breach of contract and unfair business practices). The case should be remanded to address the District Court's failure to review and address the two state law claims

Plaintiff/Appellant now appeals the dismissal based on the above-described errors as well as the abuse of discretion in not addressing the state issues under diversity jurisdiction which was the original jurisdiction for the case.

## Statement of Jurisdiction

This action below arises, in part, under the Copyright Act of 1976, 17 U.S.C. § 101, *et. seq.*, including all sections created or amended by the Digital Millennium Copyright Act, conferring federal question jurisdiction under 28 U.S.C. § 1331, and diversity jurisdiction over the case including Plaintiff's state law claims under 28 U.S.C. § 1367. Jurisdiction of the appeal also derives from 28 U.S.C. § 1338.

## ISSUE(S) PRESENTED

*Issue 1*: Whether the Court errored by failing to acknowledge that the Cr2A Settlement Agreement and the "Infringement Authorization" both authorized Plaintiff with standing to sue and that the erroneous Construction of the CR2A Settlement Agreement should have been precluded by a prior contrary determination in the Federal District Court of Western Washington that Plaintiff has ownership and standing..

*Issue 2*: Whether the Court abused its Discretion by Not Recognizing that Defendants Had Unclean Hands and had tainted the Record with Disingenuous Assertions

*Issue 3*: Whether the District Court's incongruent requirement of the demonstration of source code use should be reversed and remanded for findings on Plaintiff/Appellant's allegations that Defendants/Appellees infringed by violated DMCA Section 1202 on Integrity of Content Management

*Issue 4*: Whether the District Court abused its discretion in not addressing the state law claims remaining after rejection of the Federal copyright infringement claim, whereas these claims should have been retained under diversity jurisdiction.

## STATEMENT OF THE CASE

Whereas Plaintiff/Appellant was found to have standing to sue for copyright infringement in a prior determination in the Federal District Court of Western Washington,( Report and Recommendation 4/15/22, ER 104–106) the CACD District Court below, in a decision on February 28, 2023, erroneously granted Defendant's Motion to Dismiss Plaintiff/ Appellant's Second Amended Complaint ("SAC"; ER 0222). The District Court was misled by Defendants "unclean hands" and submissions to a misreading of the terms of the CR2A Settlement Agreement ("CR2A Settlement Agreement" ER-11), whereby it issued the erroneous

finding that Plaintiff/Appellant had transferred its rights and had waived its standing to pursue copyright infringement. The CACD District Court also mistook the infringement allegations and consequently erred requiring use of the source code for infringement; and wrongly declined to use the case's diversity jurisdiction to address state law claims of breach of contract and unfair business practices. (Order Granting Motion to Dismiss Second Amended Complaint; Entry of Judgment (Docket 61 ER 0222)

## *Background to Litigation and Licensing Under the CR2A Agreement*

Plaintiff/Appellant and former Plaintiff, Donald Morisky commenced this action on February 16, 2021 for Defendants' license violations . (See Original and First Amended Complaint ER 072 and 85) The action in Federal Court was initially brought properly under diversity jurisdiction for breach of contract, and unfair business practices. (ER-45) A claim for copyright infringement was added later.[1] (See Original Complaint ER0072 and Notice of Removal ER 0045)

The Morisky Widget is a diagnostic assessment software that originated from a static generic scale that measured medication adherence. In November 2016, the static generic Morisky scale was

---

[1]  The case was originally file in California Superior Court, but Defendants petitioned for its removal to the Federal Court on the basis of Diversity Jurisdiction. See Notice of Removal ER 0045)

converted to an electronic diagnostic assessment of medication taking behavior by creator Dustin Machi in conjunction with Donald Morisky. Machi assigned the copyright to MMAS Research LLC in December 2019, who then registered the Morisky Widget and became the owner of the copyright. (although among Defendant's defenses to infringement is a challenge to the Morisky Widget validity and ownership).

Plaintiff/Appellant MMAS and Dr Morisky cooperated in licensing the Morisky Widget from January 1, 2017 until July 1, 2019 to make it available worldwide for pharmaceutical companies and medical institutions to use in diagnosis of medication taking behaviors.

Such licenses require restrictive terms designed not only to protect federally registered rights, but also to protect patients and health care providers from counterfeit or scientifically incorrect diagnostic assessments and inaccurate results. In the instant matter, Defendants, as licensees violated important restrictions. (Original Complaint, ER-72)

The cooperation between Morisky and MMAS in licensing the Morisky Widget experienced litigation that seemed to be resolved in a "CR2A Settlement Agreement" in December 2020. That document, executed by MMAS, Morisky and Members of the Morisky family authorized Plaintiff/Appellant MMAS to go forward with licensing activities and to set up a program for legally dealing with Morisky Widget and MMAS-8 licensing claims. (CR2A Settlement ER- 11,

Paragraphs 1–10). Pursuant to the terms of the CR2A Settlement Agreement, Plaintiff/Appellant MMAS formed a worldwide legal team, hired lawyers for joint representation and began to pursue claims. ( Id. ) For example joint representation attorney Kenneth I Gross filed the original Complaint in this litigation on behalf of Morisky and Plaintiff/ Appellant MMAS against Defendants. (ER-0072) Plaintiff /Appellant was authorized under the CR2A Settlement Agreement to pursue claims and Morisky pledged his support and cooperation. (CR2A Exhibit 5 Paragraphs 9–10), and also, on January 25, 2021, Morisky and his attorney signed a document entitled "Infringement Authorization," which underscored the support and authorization for MMAS to litigate infringement violations precisely like this one against Defendants. (Infringement Authorization, ER-11)

### District Court Errors and the Faulty Record Below

Plaintiff/Appellant MMAS and Donald Morisky as licensors together granted a perpetual Morisky Widget license and a second Addendum to Defendants in 2017.(ER-01–10) On February 16, 2021 due to violations of the terms of the license, Attorney Kenneth I Gross filed this action on behalf of his joint clients, Plaintiff/Appellant MMAS and Donald Morisky alleging breach of contract, unfair business practices and later copyright infringement. (Original Complaint ER-72, First Amended Complaint ER-85 Second Amended Complaint ER-119 ).

On December 30, 2022, Defendants filed a Motion to Dismiss the

Second Amended Complaint) [2] in which it was argued inter alia that

Plaintiff/Appellant lacked standing to sue.(SAC Docket 56 ER-119,

Motion to Dismiss ER-0144) Despite ownership and multiple levels of

authorization provided in the CR2A Settlement Agreement plus the

Infringement Authorization, the District Court granted Defendants'

Motion to Dismiss, *inter alia* determining that Plaintiff/Appellant lacks

standing to sue for copyright infringement. (Order Granting Motion to

Dismiss Second Amended Complaint: Entry of Judgment) (ER-0222)

That result is not just erroneous but an unfathomable result of an

erroneous misreading of the CR2A agreement coupled with disregard

for a prior contrary interpretation in the Federal District Court of

Western Washington, and reflects Defendants unclean hands that

perpetrated a misinterpretations by the Court.(Id and ER-108).

### *The Dismissal of Morisky as Co-Plaintiff*

On November 7, 2022 a petition filed by Donald Morisky requested

dismissal from the case, stating untruthfully that he had been unaware

of and objected to this lawsuit. He stated that MMAS had no right to

---

[2]    Nor has there been "abandonment" which also "must be manifested
by some overt act indicative of a purpose to surrender the rights and
allow the public to copy." *Hampton v. Paramount Pictures Corp.*, 279
F.2d 100, 104 (9th Cir. 1960). Abandonment has two essential
elements:(1) an intent to surrender all rights in the work; and (2) an
overt act evidencing that intent**.**

bring it. (Docket 48, ER-0108). That was demonstated to be untrue by discrediting evidence by his own Attorney, Kenneth Gross, demonstrating through contemporaneous evidence that it was simply not possible that Morisky was unaware of or opposed this case. An email record and a declaration provided from Morisky's own Attorney should have closed this issue. But Defendants followed that with submissions into the record below urging the untruths. (Opposition to Plaintiff's Response to Morisky Petition ER-113, ER-144 ).

Morisky was granted dismissal as co-Plaintiff under FRCP Rule 41(a)1A(1). Morisky's exit left Plaintiff/Appellant alone to pursue the case, but not without standing.

But the untruthful facts stated in the Morisky petition were then repeatedly reinserted into the record by Defendants in other submissions including their Motion to Dismiss.(ER-113 and ER-0144) The significance of Defendants' promotion of specious facts about Morisky is reflected in the Court's dismissal and finding that Plaintiff/ Appellant alone did not have standing to sue for copyright infringement.) (Dkt 61 ER-0222). The District Court never addressed or weighed discrediting evidence nor acknowledge Defendants misleading submissions. (Dkt 61 ER-0222).

### *Defendants' Submissions*

Defendants had unclean hands by misleading the Court in their Motion to Dismiss and reiterating untruthful facts from the Morisky's petition (ER-144). For example, Defendants state:

> "On November 7, 2022, Dr. Morisky filed a request for dismissal with prejudice of all claims brought on his behalf since the lawsuit was filed without his knowledge or consent. As explained therein, after the Court dismissed MMAS' prior lawsuit (Case No. 2:20- cv-08313-MWF-JPR), Dr. Morisky believed "that no other filings were made" on his behalf. … It was not until MMAS' former attorney, Kenneth Gross, withdrew as counsel that Dr. Morisky discovered MMAS had actually been litigating this case on his behalf the whole time. ….. Dr. Morisky then explained that MMAS was not authorized to bring the action in his name, that MMAS does not own any of the copyrights at issue, and that none of his agreements with MMAS gave it the right to enforce his copyrights.." . (Defendants'Motion to Dismiss Dkt 56 ER-0144 p. 4)

The above statement is contrary to the truth and (as stated above) has been wholly discredited by Morisky's Attorney Kenneth I Gross who declared and provided a factual record showing that to the contrary, that Morisky was well aware of this litigation as well as the fact that he authorized MMAS to sue.(Gross Declaration ER-211–213). This went apparently unnoticed by the Court.

Related to their other defenses, Defendants have also submitted a Declaration with untruths about the Morisky Widget, claiming that it is

not entitled to copyright protection, quoting Dr. Mark Zimmerman and promoting his untrue statement that he never gave permission for his CUDOS and CUXOS to be part of the Morisky Protocol whereas Plaintiff/Appellants submissions directly contradict that. ( ER-0178) Defendants' Motion to Dismiss states at page 9:

> "MMAS is also using the CUDOS or CUXOS copyrights without authorization. Those works were created by Mark Zimmerman in 2004 and 2010, respectively. Mr. Zimmerman recently filed a declaration in support of Dr. Morisky's motion to dismiss a separate case MMAS filed in the Central District of California, in which he testified that he has "never authorized MMAS Research, LLC to make any use of either the CUDOS or the CUXOS," or "to create a derivative work incorporating all or part of either the CUDOS or the CUXOS." Dkt 56–1 Declaration of Mark Zimmerman Exhibit A to Cammiso Dec., Ex. A paras 2–8).

This above statement in this Declaration submitted into the record by Defendants' attorney Kevin Camiso (ER-0178) has also been contradicted, by Plaintiff /Appellant's counter submissions. (See Memorandum in Opposition to Motion to Dismiss Second Amended Complaint. (ER-183 Dkt 57 Exhibit 2)

The contradictions should have been weighed by the District Court and unfounded evidence stricken from the record because the

Zimmerman Declaration has corrupted the record and created misimpressions about the ownership rights to the Morisky Widget. (ER-0178–0183)

Although Plaintiff submitted direct evidence to discredit the facts attested in both instances above, the Court did not exercise its authority to exclude this evidence. The improper retention means that the Court made its determination on a tainted record with unreliable facts.

Despite the evidence of ownership and multiple levels of authority provided in the CR2A Settlement Agreement and the Infringement Authorization, this Court determined that Plaintiff lacks standing to sue for copyright infringement. That result is not just erroneous but unfathomable. By misreading the CR2A Settlement Agreement to say that MMAS has transferred its ownership of the Morisky Widget copyright, and also has abandoned its right to pursue infringement in this case.

That determination was a misreading of the CR2A agreement, reliance on a faulty record and disregard for a prior contradictory interpretation in the Federal District Court of Western Washington. (Case No. 2:21-cv-1301-RSM-DWC. Docket Report and Recommendation at ER-108), with identity of issues and evidence. The erroneous District Court's determination is second in time and the finding that there is no standing should have been issue precluded by

the Washington Court's determination But no weight, consideration or respect was accorded to the conflicting findings by a sister court at equivalent level.(ER-0098–108)

### *DMCA Infringement Count*

The Courts failed to Recognize and Address the DMCA Infringement Claim. Plaintiff/Appellant's infringement case concerning infringement in violation of the DMCA Section 1202. (ER-0119). But the Court eluded the DMCA averments to incongruously conclude that Defendants' violations of the license agreement did not constitute infringement because the allegations did not sufficiently evidence use of the Morisky Widget source code in the United States. (ER-0222. 9–10) But the source code is inapplicable to that DMCA count. Alleged violations of the DMCA bear no relationship to the source code. A remand is necessary and to appropriately review evidence provided by Plaintiff/ Appellant which abundantly supports the DMCA having occurred in the United States.

After dismissing Plaintiff's copyright infringement claims, the Court improperly abused its discretion by failing to address Plaintiffs assertions of breach of contract and unfair business practices as state claims under diversity jurisdiction. ( ER-0222, p. 11) The claims should have been addressed because they relate and are intertwined with the core facts and were properly brought under diversity jurisdiction.

## SUMMARY OF THE ARGUMENT

1. The lower court committed reversable error in misinterpreting the CR2A Settlement Agreement as transferring rights rather than providing for a future contingency, and should have been precluded by a prior contrary decision in a sister district court of equivalent authority in this Circuit (Western District of Washington) that Plaintiff/Appellant has ownership and standing to sue.

2. Whether The District Court erroneously failed to exclude, despite Plaintiff/Appellant's, submission of contrary evidence, Defendants' submissions of untruthful statements and to recognize that Defendants/ Appellees "Unclean Hands" had tainted the record.

3. Whether Court's erred in requiring evidence of use of the source code in the United States which is inapplicable to Plaintiff's infringement allegations under the DMCA and therefore the case should be remanded for findings applicable to the allegations.

4. Whether the District Court lacked discretion to dismiss the factually related state law claims based on diversity jurisdiction.

## STANDARD OF REVIEW

Dismissal of a complaint without leave to amend is improper unless it is clear, upon de novo review that the complaint could not be saved by any amendment. *See Parents for Privacy v. Barr*, 949 F.3d 1210, 1221

(9th Cir. 2020), *cert. denied*, 141 S. Ct. 894 (2020); *AE ex rel. Hernandez v. Cnty. of Tulare*, 666 F.3d 631, 636 (9th Cir. 2012); *Thinket Ink Info. Res., Inc. v. Sun Microsystems, Inc.*, 368 F.3d 1053, 1061 (9th Cir. 2004).

## ARGUMENT

### Issue 1: Whether the Court errored by failing to acknowledge that the CR2A Settlement Agreement and the "Infringement Authorization" Provide Plaintiff with Standing to Sue for copyright infringement.

#### A.   Standard of Review.

In cases of standing to sue, the Ninth Circuit Court of Appeals reviews the District Court opinion *de novo. See Fahmy v. Jay-Z*, 908 F.3d 383, 389 (9th Cir. 2018) (as amended); *DRK Photo v. McGraw-Hill Glob. Educ. Holdings, LLC*, 870 F.3d 978, 982 (9th Cir. 2017); *Warren v. Fox Family Worldwide, Inc.*, 328 F.3d 1136, 1139 (9th Cir. 2003).

#### B.   Under the CR2A Settlement Agreement and the Morisky "Infringement Authorization" Plaintiff has authorization and standing to bring this legal action.

The District Court erroneously dismissed Plaintiff/Appellant's Second Amended Complaint by finding a lack of  standing to sue and therefore absence of subject matter jurisdiction. But standing to sue was not a genuine issue. Plaintiff/Appellant has standing to sue under

this Morisky Widget license agreement, the CR2A Settlement Agreement (ER-011) and in an authorization document. (ER-044) The document "Infringement Authorization," confirming authority to bring legal action "settling and litigating claims" was executed by Donald Morisky and his attorney Christopher Austin, in January 2021, litigation authorization" "in accordance with the parties Settlement of December 4, 2020"(Id.).

## C. Plaintiff Appellant's Standing to Sue is Confirmed in a Prior Federal Court Decision.

There is District Court error in finding that Plaintiff /Appellant lacked standing to sue. A prior contrary interpretation concerning ownership of the Morisky Widget and standing to sue in the United States District Court for the Western District of Washington, 2:21-cv-1301. (ER-108).  That determination should take precedence and operate as collateral estoppel precluding the District Courts contrary findings. The sister, same circuit Washington Federal Court conducted a meticulous reading of the CR2A Settlement Agreement and made a determination on April 15, 2022 that there was never a transfer of the Morisky Widget copyright and ownership remains with Plaintiff. (2:21-cv-1301 Report and Recommendation, ER-108, footnote 2).

The Washington Federal Court's careful review confirms that the District Court below has taken CR2A language about Plaintiff transfer of rights out of context. Preconditions for that transfer were not met, and transfer was never made. (See Memorandum in Opposition to Motion to Dismiss Second Amended Complaint. (ER-0183).

Opposite outcomes on the precisely the same, identical issue from two Federal Courts implicates resolution by a finding of the prior decision operates as *collateral estoppel* of the later finding below to the contrary. *Lemke v. Ryan*, 719 F.3d 1093 (9th Cir 2013) (resolving conflict between conflicting opinions in same circuit).

Plaintiff/Appellant thus respectfully submits that the District Court's conclusion below that Plaintiff lacked standing is erroneous and overcome by evidence to the contrary as well as collaterally estopped.

### D. The Court has erred in dismissing the "Infringement Authorization" as a bare right to sue.

The District Court committed error in declaring that the "Infringement Authorization" is invalid as the transfer of a bare right to sue without legal ownership. But that document was nothing akin to transfer of bare rights: PlaintiffAppellant was and is the owner of the Morisky Widget by assignment. The "Infringement Authorization" executed by Dr. Morisky, and his lawyer underscored Plaintiff/ Appellant's authorization specified to be "in accordance with the

December 4, 2020 CR2A Settlement Agreement, an agreement which confirmed ownership to the Morisky Widget by Plaintiff/ Appellant.(Exhibit 3 paragraphs 1–10)

On these numerous bases the District Court has erred in its finding absence of standing to sue.

### E. The Court erred in Determining that it appears Plaintiff had waived its right to sue.

The District Court also erred in related determination that "even if Plaintiff had standing to enforce the Morisky Widget copyright, it appears that Plaintiff waived its ability to do so. (Docket 61 p.8) The basis of the lower Court's finding of "appearance" of a waiver is derived from a statement in the 2020 CR2A Settlement Agreement regarding a contingent transfer where Plaintiff/Appellant will to "forego any claims" it had in the Morisky Widget, and to assign the rights to the Morisky Widget and any related copyright to Dr. Morisky. " The Court has taken that contingency of the 2020 agreement out of context. The contingent event that did not occur. (CR2A ER-0011)

Moreover A waiver of the right to sue must be express, showing an actual intention to waive. See *In re Art & Architecture Books of the 21st Century*, 518 B.R. 43 (2014); *A&M Records, Inc. v. Napster, Inc.*, 239

F.3d 1004, 1026 (9th Cir. 2001) (waiver or abandonment of copyright occurs where "there is an intent by the copyright proprietor to surrender rights in his work").

Here, "appearance" of waiver does not meet the requirement of an express, actual intention of waiver. Thus the Court's had erred by finding waiver by mere "appearance" of waiver.

## Issue 2: Whether the Court Abused its Discretion by Not Recognizing that Defendants Unclean Hands and had Tainted the Record.

### A.  Standard of Review.

The standard of review for assertion of 'unclean hands is abuse of discretion. *Fuddruckers, Inc. v. Doc's B.R. Others, Inc.*, 826 F.2d 837 (9th Cir. 1987) (The application of the equitable doctrine of unclean hands is within the discretion of the trial court and is reviewed for abuse of that discretion). See also *TransWorld Airlines, Inc. v. Am. Coupon Exch., Inc.*, 913 F.2d 676, 694 (9th Cir. 1990) (citing *Wash. Capitols Basketball Club, Inc. v. Barry*, 419 F.2d 472, 478 (9th Cir. 1969) (finding that the application of the unclean hands doctrine was committed to the district court's discretion).[3]

---

[3]  The application of the equitable doctrine of unclean hands is within the discretion of the trial court and is reviewed for abuse of that discretion. See *TransWorld Airlines, Inc. v. Am. Coupon Exch., Inc.*, 913

## B. Defendants Unclean Hands Have Creating Misunderstanding that Impacted the District Court's Dismissal.

Defendants open their Motion to Dismiss by re submitting into the record disingenuous, discredited statements and continue throughout to taint the record with discredited statements. (ER-0144, ER-0178) Knowingly dishonest statements about Morisky and the Declaration of Mark Zimmerman give misimpressions about the validity of the Morisky Widget and about Plaintiff/Appellants standing.

First, Defendants have restated into the record the untruth that Morisky was unaware of this litigation. The District Court erred in failing to acknowledge that this has been countered and discredited by Morisky's own attorney Kenneth I Gross in a declaration of facts and direct evidence that clearly evidence Morisky's unquestionable contemporaneous knowledge of this litigation. (ER-211)

Defendants Motion to Dismiss also disingenuously restates that false fact and also submitted a declaration by Mark Zimmerman which stated untrue facts about the permission he gave for use of his protocol in the Morisky Widget. The declaration of non-party Dr. Mark Zimmerman contains demonstrably false or misleading statements

F.2d at 694 (citing *Wash. Capitols Basketball Club, Inc. v. Barry*, 419 F.2d at 478 (finding that the application of the unclean hands doctrine

that, if left unaddressed, could prove highly prejudicial to Plaintiff's prosecution of this, and other, matters going forward. (ER-0178, ER-0183)

### C. The Court overlooked Plaintiff/Appellants' Refutations and Relied on a Defective Record/

The Court has allowed discredited facts to remain in the record despite refutation.(Docket No. 48, ER-0108, and Docket 61, ER-0222 p. 4) Defendants unclean hands should, but was not considered toward the weight given to their case. (Id.) Unclean hands "bars relief to a plaintiff who has violated conscience, good faith or other equitable principles in his conduct." *Dollar Sys., Inc. v. Avcar Leasing Sys., Inc.*, 890 F.2d 165, 173 (9th Cir. 1989); *Jarrow Formulas, Inc. v. Nutrition Now, Inc.*, 304 F.3d 829, 838 (9th Cir. 2002)(Motion to Dismiss denied for unclean hands).

But, rather than the Court expunging the untruthful, misleading evidence; Rather than addressing and making a finding of Defendant's unclean hands [5], the Court has erroneously relied on the misleading

---

[5] Unclean hands "requires a finding of inequitableness or bad faith." *Rent-A-Ctr., Inc. v. Canyon Television & Appliance Rental, Inc.*, 944 F.2d 597, 602 (9th Cir. 1991). This includes any willful act concerning the cause of action or bad faith relative to the matter. *Precision Instrument Mfg. Co. v. Auto. Main. Mach. Co.*, 324 U.S. 806, 814–15 (1945).

evidence without any consideration, being shown to the discrediting submission provided by Attorney Gross's declaration and associated factual evidence. (Gross Declaration ER-211)

### D. Defendants/Appellees Unclean hands Creating Misunderstanding that Impacted the District Courts Dismissal.

Defendant's repeated submissions not only created an assailable record, but they also misled the District Court into a misunderstanding about the absence of Dr.Morisky from the case. In its opinion below, the District Court took the bait and wrongly perceived that Dr. Morisky's absence had bearing on the case, stating "Dr. Morisky did not join this action or otherwise authorize Plaintiff to pursue the present claim against Defendants.(Docket 48) ( ER-0108;ER-0222, p.8).

The District Court by erroneously granting Defendants Motion to Dismiss for lack of subject matter jurisdiction also abused its discretion in allowing Defendants to mislead and prevail with unclean hands. (ER-0222) Accordingly, Plaintiff/Appellant respectfully submits that the District Court determination be remanded for rehearing to correct this.

**Issue 3: Whether the District Court's erroneous requirement of demonstrating the source code use in the United States should be remanded for findings of Defendants' violation of DMCA Section 1202 on Integrity of Content Management.**

Plaintiff has accused Defendants of infringement by violation of the DMCA provisions on the Integrity of Content Management. (SAC ER-0119,paras 60–80, and 108–118). In the SAC Plaintiff asserts that Defendants actions taken in the United States in violation of the license agreement directly conflict with the ICM obligations under the DCMA.(ER-0119 )The Court has erroneously required a showing of physical use of source code use as a basis for Plaintiff/Appellants copyright infringement claim. The District Court wrongly stated (ER-0222, p.9):

> "… The SAC does not specifically allege that any unauthorized use of its alleged copyright was completed in the United States as Plaintiffs do not allege that the presentation by Dr. Halleck or Charitie's published studies reproduce or otherwise use the Morisky Widget source code. *See Allarcom Pay Television, Ltd.*, 69 F.3d at 387. (Id.)

The District Court held that the Plaintiff's citations to Charitie's publications on U.S. servers related to studies that allegedly used Morisky intellectual properties were not enough to establish the

infringement in the United States because the publications themselves did not reproduce or otherwise use the Morisky Widget source code that Plaintiff allegedly owned. (Id. at 7)

The District Court determination is way off course in requiring of use the Morisky Widget source code. Plaintiff/Appellants 'allegation of the misuse of the Morisky Widget does not implicate the use of the source code at all. Rather, the allegation is that Defendants infringe by violation of DMCA prohibition on the removal or alteration of copyright management information ("CMI"), as well as the distribution of false CMI[6] under 17 U.S.C. § 1202(c)(1), (2), (3), (6), (7).

Rather than source code, infringement under the DMCA regards the distribution of false CMI, knowingly and with intent to induce, enable facilitate, or conceal copyright infringement. 17 U.S.C. § 1202(a). To establish a violation of this statute, a plaintiff must prove that the defendant: (1) provided or distributed CMI; (2) knew that the CMI was false; and (3) acted with the intent to cause or conceal copyright infringement *See Krechmer v. Tantaros*, 747 F.App'x 6, 9 (2d Cir. 2018) ("In order to plead a violation of § 1202(a), plaintiff thus must plausibly

---

[6]   CMI includes the name of, and other identifying information about, the author or copyright owner of a work, "the information set forth on a notice of copyright," the "[t]erms and conditions for use of the work," and "links to such information."

allege that defendant knowingly provided false copyright information and that the defendant did so with the intent to induce, enable, facilitate, or conceal an infringement.)

The Courts requirement of source code is inapplicable, and this case should be remanded for findings on Defendants infringement of the pertinent provisions of the DCMA.

### Issue 4: Whether the case should be remanded to address the state law claims of breach of contract and unfair competition as the Court does not have discretion to refuse the state claims in a diversity case.

The lower Court has declined to address the state law claims of breach of contract and unfair competition because of its dismissal of the Federal copyright infringement claim (ER-0222, p. 11). Plaintiff takes issue with the failure to address these claims under the case's original diversity jurisdiction.(SAC, ER-0119 p 11): As pled, the Court has diversity jurisdiction pursuant to 28 U.S.C. § 1332, as the amount in controversy exceeds $75,000.00 and there is a complete diversity of citizenship between the Parties.) (ER-0119)

On the basis of diversity jurisdiction, the District Court below should have addressed the remaining state claims. Those claims stem from the

same nexus of facts and emanate from the same core issues, of the CR2A Settlement Agreement . *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350, n. 7 (1988))

The Court does not have discretion to refuse state claims in a diversity case. *Brooks v. Bank of Am., NA.*, 2022 U.S. Dist. LEXIS 194540 (CACD claims puts this case in a different position from cases where courts have declined to exercise supplemental jurisdiction over state law based claims. *See, e.g., Sorosky v. Burroughs Corp.*, 826 F.2d 794, 805 (9th Cir. 1987) ("Although a district court does have discretion whether to exercise jurisdiction over state claims pendent to a question arising under federal law, a district court does not have discretion to refuse jurisdiction over states claims in a diversity case.").

Accordingly, Defendant/ Appellant respectfully contends that this case be remanded for a determination on these state law issues.

## CONCLUSION

For the foregoing reasons, the judgment of the District Court should be reversed, and the case remanded for trial for consideration of Plaintiff's claims on the merits, and additionally for the District Court to address the breach of contract and unfair trade practices claims.

Respectfully submitted,

Dated: August 28, 2023    By: /s/ Patricia Ray

## Statement of Related Cases

**9th Circuit Case Number: No. 23-55202**

The undersigned attorney or self-represented party states the following:

[  ] I am unaware of any related cases currently pending in this court.

[  ] I am unaware of any related cases currently pending in this court other than the case(s) identified in the initial brief(s) filed by the other party or parties.

[ **X** ] I am aware of one or more related cases currently pending in this court. The case number and name of each related case and its relationship to this case are:

2:21-1301 Morisky v. MMAS et al.,
Appeal Pending in the Ninth Circuit

## CERTIFICATE OF COMPLIANCE

1. This brief complies with the type-volume limitation of Fed. R. App. P. 32(a)(7)(B) because this brief contains **5,614 words**, excluding the parts of the brief exempted by Fed. R. App. P. 32(f).

2. This brief complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type style requirements of Fed. R. App. P. 32(a)(6) because this brief has been prepared in a proportionally spaced typeface, **14-pt Century Schoolbook**, using TypeLaw.com's legal text editor.

Dated: August 28, 2023      By: /s/ Patricia Ray

## CERTIFICATE OF SERVICE

I hereby certify that I electronically filed the foregoing **APPELLANT'S OPENING BRIEF** with the Clerk of the Court by using the Appellate CM/ECF system on August 28, 2023. I further certify that all participants in the case are registered CM/ECF users and that service will be accomplished by the appellate CM/ECF system.

Respectfully submitted,

Dated: August 28, 2023                    By: /s/ Patricia Ray