No. 23-55202

IN THE UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

MMAS RESEARCH, LLC, a Washington Limited Liability Company,

*Plaintiff - Appellant,*

v.

THE CHARITE, ANIKA STEINER, ELISABETH THEISSEN, Dr., SMARTPATIENT GMBH, a German corporation, MY THERAPY, DOES, 1-50, inclusive,

*Defendants - Appellees.*

On appeal from the District Court
for the Central District of California
No. 2:21-cv-01406
Hon. Michael W. Fitzgerald

**REPLY BRIEF**

Patricia Ray Esq.
1317 Nettles Blvd
Jensen Beach
Florida 34957
phone 2159086810
raypatricia@yahoo.com

Attorney for Plaintiff - Appellant
MMAS RESEARCH, LLC, a Washington Limited Liability Company

# TABLE OF CONTENTS

                                                                    Page

TABLE OF CONTENTS ........................................................................i
TABLE OF AUTHORITIES ................................................................ 1
REPLY BRIEF ....................................................................................... 2
  INTRODUCTION ............................................................................... 2
  ARGUMENT ....................................................................................... 2
    I.  The District Court Failed to Acknowledge That the
        CR2A Settlement Agreement and the "Infringement
        Authorization" Provide Appellant with Standing to Sue
        for Copyright Infringement. ....................................................... 2
      A.  Appellant's Standing to Sue is Confirmed in a Prior,
          Precedential Federal Court Decision. ................................... 3
          The District Court Did Not Provide Convincing
          Evidence for Overturning Precedent ..................................... 5
      B.  The District Court Has Substantively Misinterpreted
          the CR2A Settlement Agreement ........................................... 6
    II. The Court Failed to Recognize that Appellee's Unclean
        Hands had Tainted the Record. .................................................. 8
        The District Court was Mislead by Appellee's
        Discredited Submissions ............................................................ 8
    III. The District Court's Erroneous Requirement of Source
         Code Use in the United States Should be Remanded for
         Findings of Defendants' Violation of DMCA Section
         1202 on Integrity of Content Management. ............................ 10
    IV. The Case Should Be Remanded to Address the State
        Law Claims of Breach of Contract and Unfair
        Competition as the Court May Not Refuse State Claims
        in a Diversity Case. ................................................................... 11
  CONCLUSION ................................................................................. 11
CERTIFICATE OF COMPLIANCE ................................................... 13

# TABLE OF AUTHORITIES

Page

**Cases:**

*Grant House v. Nat'l Collegiate Athletic Ass'n*
    545 F. Supp.3d 804 (N.D. Cal. 2021) ................................................. 3

*Oregon Natural v. United States*
    550 F.3d 778 (9th Cir. 2008) ........................................................... 3

*Payne v. Tennessee*
    501 U.S. 808 (1991) ......................................................................... 4

*Speer v. Thornell*
    2023 U.S. Dist. LEXIS 42817 (D.C. Ariz 2023) ................................ 4

*United States v. Mathison*
    256 F.2d 803 (7th Cir. 1958) ........................................................... 7

**Statutes:**

17 U.S.C. § 1202 .................................................................................. 10

28 U.S.C. § 1332 .................................................................................. 11

28 U.S.C. § 1367 .................................................................................. 11

## Reply Brief

## INTRODUCTION

This is Appellant's Reply to the Answering Brief of Appellee Charite. The Answering Brief is a collection of unfounded contentions and ineffective arguments-- none of which rebuts or controverts the four issues raised in Appellants Opening Brief. The Answering Brief evades Appellant's issues, hides behind falsehoods and sweeping misstatements, and claims that arguments "were not raised in the District Court, and are therefore waived." This Reply necessarily counters this and other misstatements to correct Appellee's misguided recitation of the record.

## ARGUMENT

**I. The District Court Failed to Acknowledge That the CR2A Settlement Agreement and the "Infringement Authorization" Provide Appellant with Standing to Sue for Copyright Infringement.**

The District Court's determination on standing to sue is erroneous on **procedural** and **substantive** grounds.

The Answering Brief is not persuasive on either.

## A. Appellant's Standing to Sue is Confirmed in a Prior, Precedential Federal Court Decision.

Appellee overlooks the procedural conflict created by the District Courts dismissal on the basis that Appellant lacked standing to sue. Alas, the dismissal failed to take into account a decision by the Federal District Court for the Western District of Washington in the case of Morisky v. MMAS et al( 2:21-cv-1301) which is *stare decisis* as a prior, precedential decision resolving precisely the same issue of standing- but 190 degrees in opposite.

Stare decisis is the doctrine by which courts adhere to previous decisions and refrain from disturbing settled issues. Generally, the doctrine of stare decisis provides that when the court has once laid down a principle of law as applicable to a given state of facts, it will adhere to that principle and apply it in future cases where the facts are substantially the same. See *Oregon Natural v. United States*, 550 F.3d 778 (9th Cir. 2008) and *Grant House v. Nat'l Collegiate Athletic Ass'n*, 545 F. Supp.3d 804 (N.D. Cal. 2021) (N.D. CA 2008).

*Stare Decisis* applies here. The conflict is with the precedential determination that the same the same party, Appellant MMAS, <u>does</u> have standing to sue on the same copyright at issue in this case.. The District Court would need a convincing basis to overturn the contrary

3

precedent. *Speer v. Thornell*, 2023 U.S. Dist. LEXIS 42817 (D.C. Ariz 2023). The District Court mentions the prior case but fails to provide a basis for overturning the determination on standing to sue.

That prior decision by Federal District Court for the Western District of Washington, held that the CR2A Settlement Agreement does not entitle Dr. Morisky with ownership of the Morisky Widget (Docket 48 at page 8) but rather, MMAS has ownership and right/responsibility to license it.

In April 2022 two Reports and Recommendations (Dockets 47 and 48) issued from the Washington case stating that this was a *status quo* should remain in place until that Court had made further determination. Those recommendations were adopted and made precedential in two Orders: Dockets 49 and 50. (The Honorable Ricardo S. Martinez, Chief Judge of this Western Washington Federal District, entered Orders, Dockets 49 and 50 adopting the respective Report and Recommendations.)

Counter to principles of s*tare decisis* the District Court below did not provide any analysis or reason for a contrary determination. *Stare decisis* teaches that once a point of law has been settled, a court should follow that precedent. Doing so "promotes the evenhanded, predictable, and consistent development of legal principles, fosters reliance on judicial decisions, and contributes to the actual and perceived integrity of the judicial process." *Payne v. Tennessee*, 501 U.S. 808 (1991)

It is highly irregular that the District Court reversed precedent without providing any analysis or compelling reason for a contrary determination.

### *The District Court Did Not Provide Convincing Evidence for Overturning Precedent*

The procedural conflict with precedent is outlined in the Appellant's Opening Brief. But Appellee has entirely missed the point of *stare decisis.* The Answering Brief has downplayed it with a misplaced assertion that *collateral estoppel* does not apply, because "Charité was not a party to the Western District of Washington litigation and is not in privity to the any of the parties of the litigation"(Answering Brief p. 23).

Appellee also strangely claims that the issue has been waived. Not so--Appellant has timely raised the issue of the District Court's procedural missteps.

What remains is that the District Court's erroneous determination of standing to sue and failure to provide convincing evidence to reject precedent. This disregard for precedent, makes it clear that this issue should be remanded for review.

## B. The District Court Has Substantively Misinterpreted the CR2A Settlement Agreement

The District Court also substantively misinterpreted the CR2A settlement agreement. The Answering Brief fails to support the misinterpretation, merely making the bold statement that "any suggestion that the District Court misinterpreted the Settlement Agreement or that MMAS has standing to sue lacks merit."(Answering Brief at p. 24). It also futilely supports the District Court's erroneous conclusion that Morisky holds all rights to sue under the Morisky Widget.

It is no wonder that the District Court got it wrong, Appellee continues to corrupt the record with misstatements of the development of the Morisky Widget. For example Appellee's Answering Brief alleges that ownership in the Morisky Widget derived from an original license agreement in April 2014 and that Dr. Morisky is its owner.

The true facts are completely different. The Morisky Widget was developed as an electronic version of a medical diagnostic procedure that was designed by Dustin Machi-- with the permission of Morisky. Machi assigned his ownership of the Morisky Widget to MMAS Research, Inc in December 2019. Subsequent to that, Appellant MMAS administered licensing of the Morisky Widget for world wide diagnostic programs.

This has been clarified by the Washington Court in its analysis of the rights to the Morisky Widget. That Court determined that Morisky does not own the Morisky Widget. (Docket 48 page 7-8). It defined the *status quo* as "the last uncontested status which preceded the pending controversy." *United States v. Mathison*, 256 F.2d 803 (7th Cir. 1958). and stated that the *status quo* was spelled out by the settlement agreement that Dr. Morisky does not own the Morisky Widget copyright. and that "(Appellant MMAS) is properly settling claims under the CR2A Settlement Agreement, that the "obligation under the settlement agreement to pursue known infringers of the Morisky Widget is not yet complete and (Appellant MMAS) cannot fulfill their obligation without retaining the Registered Copyright to the Morisky Widget". (Docket 48, page 8)

In sum, Appellant has shown that the District Court erred procedurally and substantively in finding that MMAS lacks standing to sue. The Answering Brief does not provide any support for the erroneous decision, or for the view that MMAS has transferred the right to the Morisky Widget.

## II. The Court Failed to Recognize that Appellee's Unclean Hands had Tainted the Record.

### *The District Court was Mislead by Appellee's Discredited Submissions*

The District Court's dismissal adopted a fiction that MMAS was not authorized to bring the instant action. This emanates from a declaration submitted by Appellee, purportedly from Donald Morisky containing statements that he was unaware of this litigation and wanted out of it. On this basis, the Court dismissed him from the litigation.

This entire scenario was invented by Appellee to erase the true facts and to influence the Court about standing to sue. The Answering Brief omits that the sworn declaration of Morisky's former attorney Kenneth Gross which squarely controverts those assertions. The District Court erroneously missed it too.

The Gross declaration provides a contemporaneous record of Morisky acting and communicating otherwise. Attorney Gross provides emails that undercut the veracity of Morisky's declaration. (Gross Declaration at ER 44–54).

The Gross declaration sets the record straight. Attorney Gross attests that he filed this case on February 6, 2021, with the full knowlege of his client Dr. Morisky, and that assertion of Dr. Morisky's "un awareness" of it are untrue. Attorney Gross provides emails to and

from Dr. Morisky that acknowledge how Morisky was kept informed about this ongoing litigation. See Declaration of Kenneth I. Gross, ¶¶ 5-7. (ER 44-54)

These untruths were maliciously submitted in order to mislead the Court. Such discredited, disingenuous submission should disqualify the entire record underlying the District Court's determination. And particularly, the record related to the determination that Appellant lacked standing to sue. ( ER 4–15) (Gross Declaration at ER 45–46) as it was purportedly based on Morisky's statements.

Appellee's Motion to Dismiss also perpetrated false facts in the submission into the record of a declaration by Dr. Mark Zimmerman which stated untruths about the permission he gave for use of his diagnosis methodology to be used as part of the Morisky Widget. The declaration of non-party Zimmerman is untrue and contains misleading statements that, if left unaddressed, could prove highly prejudicial to Appellant. (ER-0178, ER-0183).

The Answering Brief fails to offer a retraction of the discredited submissions. With such evidence in the record, the decision of the District Court cannot be sustained. An expungement order should be made, and the case remanded for review.

### III. The District Court's Erroneous Requirement of Source Code Use in the United States Should be Remanded for Findings of Defendants' Violation of DMCA Section 1202 on Integrity of Content Management.

Appellee cannot avoid its liability for copyright infringement under the DMCA by premising that it is was not previously pled. (Appellee's Answering Brief at p. 29 ). The Answering Brief couldn't be more wrong in this assertion. Appellant's Second Amended Complaint (ER 94–118). pleads a cause of action under 17 USC 1202 titled (a) False Copyright Management. This section specifies that

> (a) No person shall knowingly and with the intent to induce, enable, facilitate or conceal infringement (1) provide copyright information that is false or (2) distribute or import for distribution copyright management information that is false.

The Second Amended Complaint also requests damages (at paragraph 121, page 22 (ER 116) for infringement under 17 USC 502, 503, 504 and 505 which encompass damages related to DMCA violations.

## IV. The Case Should Be Remanded to Address the State Law Claims of Breach of Contract and Unfair Competition as the Court May Not Refuse State Claims in a Diversity Case.

The District Court declined to exercise jurisdiction over the state laws claims that were pled in this case. In support, the Answering Brief asserts that the Court did not have diversity jurisdiction for the purpose of addressing MMAS' state law claims under 28 U.S.C. § 1367.

But Appellee had itself initiated removal of this case to the Federal Court under diversity jurisdiction. In its September 2020 submission, diversity and the amount in controversy was alleged to exceed $75,000. under 28 U.S.C. § 1332, stating that Federal Courts "have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000" and is between "citizens of a State and citizens or subjects of a foreign state." (ER 203–205 and Second Amended Complaint at p. 10).

Appellee CHARITE having pled removal of this case on the basis of diversity jurisdiction".has now contradicted itself.

## CONCLUSION

The District Court's procedural and substantive errors call for remand of this case. As well, the state law claims should be addressed. The Answering Brief fails in its attempt at revision of the facts, and

11

provides no persuasive argument contra the points made by Appellant or for sustaining the District Court's erroneous determination of dismissal.

    Remand is eminently appropriate.

|  |  |
|---|---|
|  | Patricia Ray Esq |
|  | Respectfully submitted, |
| Dated: October 18, 2023 | By: /s/ Patricia Ray |
|  | Patricia Ray |
|  | Attorney for Plaintiff - Appellant MMAS RESEARCH, LLC, a Washington Limited Liability Company |

## CERTIFICATE OF COMPLIANCE

1. This brief complies with the type-volume limitation of Fed. R. App. P. 32(a)(7)(B) because this brief contains **1,855 words**, excluding the parts of the brief exempted by Fed. R. App. P. 32(f).

2. This brief complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type style requirements of Fed. R. App. P. 32(a)(6) because this brief has been prepared in a proportionally spaced typeface, **14-pt Century Schoolbook**, using TypeLaw.com's legal text editor.

Dated: October 20, 2023         By: /s/ Patricia Ray