# In the United States Court of Appeals for the Ninth Circuit

---

MMAS RESEARCH, LLC, ET AL.

*Plaintiff-Appellant,*

v.

THE CHARITE, ET AL.

*Defendants-Appellees.*

---

ON APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF CALIFORNIA
THE HONORABLE MICHAEL W. FITZGERALD, NO. 2:21-CV-01406

---

## APPELLEE'S MOTION FOR SANCTIONS AGAINST APPELLANT IN THE AMOUNT OF $123,057.48 FOR FILING A FRIVOLOUS APPEAL

---

JOHN D. FOWLER
KEVIN J. CAMMISO
KIBLER FOWLER & CAVE LLP
11100 Santa Monica Blvd., Ste. 360
Los Angeles, CA 90025
(310) 409-0400
jfowler@kfc.law
kcammiso@kfc.law

STEPHEN F. RAIOLA
  *Counsel of Record*
KIBLER FOWLER & CAVE LLP
100 South Juniper, 3rd Floor
Philadelphia, PA 19107
(267) 710-3003
sraiola@kfc.law

*Counsel for Defendant-Appellee The Charité - Universitätsmedizin Berlin*

April 10, 2024

# TABLE OF CONTENTS

**Page**

MOTION FOR SANCTIONS ...................................................................1

I.      INTRODUCTION ........................................................................1

II.     LEGAL STANDARD ...................................................................2

III.    ARGUMENT ...............................................................................3

        A.      Charité's Motion is Timely. ...............................................3

        B.      MMAS' Appeal Was Frivolous. ..........................................4

                1.      MMAS' Unclean Hands Argument Misrepresented the
                        District Court's Ruling, and Was Erroneous and Wholly
                        Without Merit. ........................................................5

                2.      MMAS Misrepresented the Nature of Its Copyright
                        Claim and Advanced Arguments that Were Erroneous
                        and Wholly Without Merit. ......................................6

                3.      MMAS Misrepresented Its Basis for Subject Matter
                        Jurisdiction and Advanced Arguments that Were
                        Erroneous and Wholly Without Merit. ......................8

                4.      MMAS Pressed Frivolous Arguments on Even the One
                        Issue it "Prevailed" on. ..........................................9

        C.      Charité is Entitled to Recover Its Attorneys' Fees On Appeal. ..........10

                1.      John D. Fowler .......................................................11

                2.      Stephen F. Raiola ...................................................12

                3.      Kevin J. Cammiso ..................................................13

                4.      Praveeta Garcia .....................................................13

                5.      Tasks Performed and Total Sanctions Amount ........14

IV.     CONCLUSION ...........................................................................14

# TABLE OF AUTHORITIES

**Page(s)**

**State Cases**

*Baccei v. United States*,
632 F3d 1140 (9th Cir. 2011) ...................................................................9

*Blixseth v. Yellowstone Mountain Club, LLC*,
796 F.3d 1004 (9th Cir. 2015) ...................................................................3

*Blum v. Stevenson*,
465 U.S. 886 (1984)...................................................................................11

*Brooke v. Kashl Corp.*,
362 F.Supp.3d 864 (S.D. Cal. 2019)...........................................................8

*Ellenburg v. Brockway, Inc.*,
763 F.2d 1091 (9th Cir. 1985) ...................................................................5

*Ferland v. Conrad Credit Corp.*,
244 F.3d 1145 (9th Cir. 2001) .................................................................10

*Frunz v. City of Tacoma*,
476 F.3d 661 (9th Cir. 2007) ....................................................................3

*Gaskell v. Weir*,
10 F3d 626 (9th Cir. 1993) .....................................................................3, 5

*Gates v. Deukmejian*,
987 F.2d 1392 (9th Cir. 1992) .................................................................11

*Hensley v. Eckerhart*,
461 U.S. 424 ............................................................................................11

*Herman Family Revocable Trust*,
254 F.3d ....................................................................................................8

*Hydranautics v. FilmTec Corp.*,
204 F.3d 880 (9th Cir. 2000) ...................................................................10

*In re George*,
   322 F.3d 586 (9th Cir. 2003) ...........................................................................2, 9

*In re Transcontinental Energy Corp.*,
   764 F.2d 1296 (9th Cir. 1985) ............................................................................3

*In re Westwood Plaza North*,
   889 F.3d 975 (9th Cir. 2018) ...................................................................... 3, 4, 10

*Kanter v. Warner-Lambert Co.*,
   265 F.3d 853 (9th Cir. 2001 ) ..............................................................................9

*Komatsu, Ltd. v. States S.S. Co.*,
   674 F.2d 806 (9th Cir. 1982) ...............................................................................7

*McCauley v. Ford Motor Co.*,
   264 F.3d 952 (9th Cir. 2001) ...............................................................................8

*Morales v. City of San Rafael*,
   96 F.3d 359 (9th Cir. 1996) ...............................................................................10

*Moreno v. City of Sacramento*,
   (9th Cir. 2007) 534 F.3d 1106 ............................................................................11

*Orange Production Credit Ass'n v. Frontline Ventures Ltd.*,
   792 F.2d 797 (9th Cir. 1986) ...............................................................................7

*United States ex rel. Robinson Rancheria Citizens Council v. Borneo, Inc.*,
   971 F.2d  (9th Cir. 1992) ...................................................................................10

**Statutes**

28 U.S.C. § 1331 ....................................................................................................8

28 U.S.C. § 1332 ....................................................................................................8

28 U.S.C. § 1367 ....................................................................................................8

28 U.S.C. § 1367(c) ...............................................................................................8

28 U.S.C. § 1653 ....................................................................................................9

**Rules**

Federal Rule of Appellate Procedure 38 ................................................................. 2, 3

Federal Rule of Appellate Procedure 40(a)(1) ……………………………….. 2, 3, 4

Ninth Circuit Rule 39 ............................................................................................. 3, 4

<u>**MOTION FOR SANCTIONS**</u>

## I.   INTRODUCTION

To date, Appellee The Charité - Universitätsmedizin Berlin ("Charité") has incurred over $300,000 in attorneys' fees defending a case where the amount at issue is a mere $11,000 (i.e., the value of the license fees Appellant MMAS Research, LLC charged for use of the allegedly infringed materials). Of that amount, $123,057.48 was incurred in defending this appeal.

Charité is one of the largest and most respected public university hospitals in the world. For the past four years the hospital has been mired in litigation with MMAS, a known copyright troll that has filed dozens of similar lawsuits[1] and has been sanctioned for litigation abuse in a related case.[2] During that time, MMAS

---

[1] *See, e.g., Donald E. Morisky v. MMAS Research,, LLC, et al.*, USDC, W.D. Wash., Case No. 2:21-cv-01301-RSM-DWC; *Donald E. Morisky v. MMAS Research, LLC, et al.*, U.S. Ct. App. Ninth Circuit, Case No. 23-35433; *MMAS Research, LLC, et al. v. Duke University, et al.*, USDC C.D. Cal., Case No. 2:21-cv-02569-CAS-MAA; *MMAS Research, LLC, et al. v. University of Massachusetts, et al.*, USDC C.D. Cal., Case No. 2:21-cv-3139-JAK-GJS; *MMAS Research, LLC v. Maastricht University Medical Center, et al.*, USDC C.D. Cal., Case No. 2:22-cv-04893-FWS-AGR; *MMAS Research, LLC, et al. v. University of Wolverhampton, et al.*, USDC C.D. Cal., Case No. 2:22-cv-05141-AB-JC; *MMAS Research, LLC v. Sanofi-Aventis France, S.A.*, et al., USDC, D. N.J., Case No. 3:22-cv-04339-ZNQ-DEA; *Steven Trubow, et al. v. Donald E. Morisky, et al.*, USDC W.D. Wash., Case No. 2:19-cv-01670-RAJ; *MMAS Research, LLC, et al. v. Kantar Health, LLC, et al.*, USDC C.D. Cal., Case No. 2:18-cv-08575-JAK-AFM; *MMAS Research, LLC, et al. v. The Regents of the University of California, et al.*, USDC C.D. Cal., Case No. 2:18-cv-09767-CAS-RAO; *MMAS Research, LLC, et al. v. Astrazeneca France, et al.*, USDC C.D. Cal., Case No. 2:21-cv-00975-GW-MRW; *MMAS Research, LLC, et al. v. University of Edinburgh, et al.*, USDC C.D. Cal., Case No. 2:21-cv-03914-DSF-MRW; *MMAS Research, LLC, et al. v. Kings College London, et al.*, USDC C.D. Cal., Case No. 2:22-cv-01479-DMG-JPR; *MMAS Research, LLC, et al. v. Karolinska Institutet, et al.*, USDC C.D. Cal., Case No. 2:22-cv-04322-AB-AS; *MMAS Research, LLC, et al. v. Community Health Care Association of New York State, Inc., et al.*, USDC, S.D.N.Y., Case No. 1:19-cv-00759-JMF; and *MMAS Research, LLC, et al. v. AbbVie KTF, et al.*, USDC C.D. Cal., Case No. 2:21-cv-06315-GW-GJS.

[2] The District Court in *Donald E. Morisky v. MMAS Research,, LLC, et al.*, USDC, W.D. Wash., Case No. 2:21-cv-01301-RSM-DWC sanctioned defendants for discovery abuse. The defendants appealed and this Court ordered defendants to file a statement explaining why the appeal should not be dismissed for lack of

filed five separate complaints—changing its legal theories each time—in search of a viable legal theory. Instead of granting MMAS a sixth opportunity to repackage its meritless claims, the District Court dismissed the operative complaint without leave to amend for lack of subject matter jurisdiction.

But even this did not deter MMAS from continuing with its baseless claims. On March 4, 2023, MMAS filed a notice of appeal initiating yet another round of expensive litigation. But instead of contesting the District Court's actual rulings on appeal, MMAS raised entirely new arguments that were not previously raised, and misrepresented its own pleadings as well as the District Court's findings. These arguments were wholly without merit. This Court affirmed the District Court's dismissal on March 13, 2024. Dkt. No. 44-1 at 2 n. 1.

However, this win came at extraordinary cost as Charité was forced to incur over $100,000 in attorneys' fees defending itself on appeal. It otherwise would have spent that money on scientific research and running the hospital, i.e., saving lives and contributing to advancements in the practice of medicine. Charité now moves this Court for sanctions against MMAS pursuant to Federal Rule of Appellate Procedure 38 in the amount of $123,057.48 to cover its attorneys fees incurred in defending this frivolous appeal.

## II.   LEGAL STANDARD

Under Federal Rule of Appellate Procedure 38, "[i]f a court of appeals determines that an appeal is frivolous, it may, after a separately filed motion or notice from the court and reasonable opportunity to respond, award just damages and single or double costs to the appellee." An appeal is considered frivolous "if the results are obvious, or the arguments of error are wholly without merit." *In re George*, 322 F.3d 586, 591 (9th Cir. 2003).

---

jurisdiction. The defendants failed to timely comply, and the appeal was dismissed on March 21, 2024. Ninth Cir. Ct. App. Docket #23-35433.

Arguments that misstate or distort the factual record may be found frivolous and sanctionable. *Blixseth v. Yellowstone Mountain Club, LLC*, 796 F.3d 1004, 1008 (9th Cir. 2015); *Frunz v. City of Tacoma*, 476 F.3d 661, 661-65 (9th Cir. 2007). For example, in *Cusano v. Klein* (9th Cir. 2005) the Ninth Circuit awarded sanctions where Cusano misrepresented that his claims "were dismissed without prejudice, when in fact they were dismissed with prejudice," and that his claims were dismissed as a discovery sanction, when in fact they were dismissed on the merits. 153 Fed.Appx.998, 1000. Sanctions can also be imposed for frivolous arguments, even where some arguments were meritorious. *Gaskell v. Weir*, 10 F3d 626, 629-30 (9th Cir. 1993). Sanctions under Rule 38 may be imposed on counsel, the client or both. *In re Transcontinental Energy Corp.*, 764 F.2d 1296, 1300 (9th Cir. 1985).

## III. ARGUMENT

Although this Court ruled in favor of the Appellant on one minor issue, this is a case where sanctions are warranted. The motion is timely. The District Court's dismissal of this case for lack of jurisdiction was affirmed and the vast majority of the arguments MMAS presented on appeal were frivolous (and egregiously so), as the attorney arguing the case admitted at oral argument. Finally, the amount of fees that Appellee seeks are reasonable and therefore warranted. As such, this motion should be granted in its entirety.

### A. Charité's Motion is Timely.

"Because Rule 38 provides a basis for an award of attorney's fees. . . a motion for sanctions pursuant to Rule 38 should be filed within the time limits for filing a request for attorney's fees under Ninth Circuit Rule 39-1.6(a)." *In re Westwood Plaza North*, 889 F.3d 975, 977 (9th Cir. 2018). "Ninth Circuit Rule 39-1.6(a) provides that, absent a statutory provision to the contrary, a request for attorney's fees shall be filed no later than 14 days after the expiration of the period within which

a petition for rehearing may be filed, or within 14 days after the Court's disposition of a timely petition for rehearing." *Id*. A petition for rehearing must be filed within 14 days after entry of judgment. Fed. R. App. P 40(a)(1).

Here, the Court entered judgment affirming the dismissal of MMAS' claims on March 13, 2024. *See* Dkt. No. 44-1. The deadline to file a petition for rehearing was March 27, 2024. Neither party filed a petition for rehearing. Accordingly, the deadline to submit a motion for attorneys' fees is April 10, 2024. It follows that this motion for sanctions in the amount of Charité's attorneys' fees is timely. See Ninth Circuit Rule 39-1.6(a); *In re Westwood Plaza North*, 889 F.3d at 977.

### B. MMAS' Appeal Was Frivolous.

In it's appellate briefing, MMAS raised four issues. The first was an argument that the District Court was "collaterally estopped" from finding that MMAS had standing that later morphed into an invocation of stare decisis. Op. Br. at 18-19; Reply Br. at 3. The second was an argument that Appellee had "unclean hands. Op. Br. at 21-24. The third was that the District Court failed to consider a DMCA violation that MMAS never pleaded. Op. Br. at 25-27. The fourth was a claim that it had adequately pleaded diversion jurisdiction. Op. Br. at 27-28.

In its decision, this Court characterized those issues as follows:

> First, MMAS argues that the district court erred in concluding it lacked standing to sue. Second, MMAS argues that the district court erred in analyzing its copyright claim under the Copyright Act rather than the Digital Millenium Copyright Act (DMCA). Third, MMAS argues that the district court erred in dismissing its state law claims because there was diversity jurisdiction over those claims.

Dkt. No. 44-1 at 2.

Although the Court found that the "district court erred in concluding that MMAS lacked standing to sue for copyright infringement," it declined to comment

on the collateral estoppel or stare decisis arguments that opposing counsel conceded were wrong and frivolous. Then, it affirmed the District Court's dismissal for lack of subject matter jurisdiction on the grounds that MMAS did not plead a DMCA claim or establish diversity jurisdiction below. It also explicitly found that MMAS' unclean hands argument was "meritless." Dkt. No. 44-1 at 2 n. 1. As established below, MMAS' arguments concerning diversity jurisdiction and the DMCA were similarly meritless and relied on a number of misrepresentations that warrant sanctions, notwithstanding MMAS' "win" on standing. *Gaskell*, 10 F3d at 629-30 (sanctions awarded for reasonable attorney fees incurred in defending frivolous issues, even though other issues had merit).

### 1. *MMAS' Unclean Hands Argument Misrepresented the District Court's Ruling, and Was Erroneous and Wholly Without Merit.*

On appeal, MMAS argued that Charité has "unclean hands" because it created a misunderstanding" by submitting into the record (1) a declaration from Dr. Morisky containing "discredited" statements that he "was unaware of this litigation" and (2) "a declaration by Mark Zimmerman which stated untrue facts about the permission he gave for use of his protocol in the Morisky Widget." Dkt. No. 16 at 22. From there, MMAS argued that the District Court abused its discretion in "allowing Defendants to mislead and prevail with unclean hands." *Id*. at 23-24.

But, as acknowledged by this Court, "unclean hands are a defense against a party seeking equitable relief, not a reason to find that a complaint plausibly alleged a claim." Dkt. No. 44-1 at 2 n. 1 (citing *Ellenburg v. Brockway, Inc.*, 763 F.2d 1091, 1097 (9th Cir. 1985), *abrogated on other grounds by Watkins v. Westinghouse Hanford Co.*, 12 F.3d 1517, 1527 (9th Cir. 1993)). Accordingly, the Court ruled that "this argument is meritless." Dkt. No. 44-1 at 2 n. 1.

In addition to advancing a "meritless" argument, MMAS misrepresented the District Court's findings with respect to its unclean hands defense. According to MMAS, the District Court "erroneously relied on the misleading evidence without any consideration." Dkt. No. 16 at 23-24. However, the Zimmerman declaration related to the issue of copyright validity which was not addressed, so the District Court's opinion did rely on it whatsoever. ER-4-15. Nor did the District Court's opinion rely on whether Morisky was aware of the litigation at the time the case was filed. Instead, the District Court found (1) Morisky's "assignment of a bare right to sue . . . is insufficient to confer standing" and (2) Morisky had declined to participate in the litigation by requesting his dismissal. ER-11. MMAS' repeated accusations that the District Court relied on improper evidence is beyond the pale, and warrants sanctions.

> **2.** **_MMAS Misrepresented the Nature of Its Copyright Claim and Advanced Arguments that Were Erroneous and Wholly Without Merit._**

MMAS then argued that the District Court erred in analyzing its copyright infringement claim under the Copyright Act because it actually alleged a claim under the Digital Millenium Copyright Act ("DMCA"). Dkt. 16 at 25-27. But MMAS never alleged a claim under the DMCA—let alone mentioned the DMCA in any substantive way. _See_ SER-184-99, 118-39; ER-16-43, 94-118, 140-52. Instead, MMAS always pleaded and defended its second cause of action as a run-of-the-mill copyright infringement claim—not a DMCA violation. _See_ SER-184-99; ER-16-43, 94-118, 140-52. This Court agreed, finding:

> MMAS did not allege facts that prove a DMCA violation, make a DMCA argument to the district court, or otherwise alert the district court that it was pursuing a claim under the DMCA. For example, although MMAS contends on appeal that Charité violated the DMCA's "prohibition on the removal or alteration of copyright management information," MMAS never mentioned copyright management information in its operative pleading or district court briefing. MMAS

6

instead presented its claims as if they were traditional copyright infringement claims. The district court thus did not err in analyzing MMAS's complaint under the Copyright Act rather than the DMCA.

Dkt. No. 44-1 at 3-4.

As the Court's ruling makes clear, MMAS' DMCA argument was wholly without merit and completely frivolous. Following four failed attempts to plead a viable copyright infringement claim, the District Court expressly warned MMAS that "[a]ny future successful motion to dismiss will be granted without leave to amend." SER-117. Nevertheless, MMAS persisted in asserting that the District Court had subject matter jurisdiction over its copyright claim and filed a second amended complaint. But this latest iteration of the complaint—like all of the previous iterations—failed to plausibly state a basis for a subject matter jurisdiction to underpin its infringement claim, so the District Court dismissed MMAS's complaint without leave to amend. *See* ER-8-14. MMAS simply misrepresented the nature of its claims on appeal to avoid the District Court's clear finding that Charité cannot be liable for copyright infringement due to the principle of extraterritoriality.

Such bad faith litigation tactics warrant sanctions, particularly since: (a) this argument was never raised in the trial court and consequently waived; and (b) the District Court found that it lacked subject matter jurisdiction multiple times, but MMAS continued to erroneously assert otherwise. *See Komatsu, Ltd. v. States S.S. Co.*, 674 F.2d 806, 812 (9th Cir. 1982) (finding waiver where the party "relied [] exclusively" on other arguments); *Orange Production Credit Ass'n v. Frontline Ventures Ltd.*, 792 F.2d 797, 801 (9th Cir. 1986) ("We conclude OPCA violated Rule 11 by filing a complaint in the federal district court in Alaska which it must have known completely lacked a factual foundation for subject matter jurisdiction.").

**3.** ***MMAS Misrepresented Its Basis for Subject Matter Jurisdiction and Advanced Arguments that Were Erroneous and Wholly Without Merit.***

Having determined that it lacked jurisdiction over MMAS's federal copyright claim, the District Court also determined that it was "appropriate to decline to exercise supplemental jurisdiction over the remaining state law claims." ER-14. Far from abusing its discretion, the District Court did precisely what the Court's precedent required. *Herman Family Revocable Trust*, 254 F.3d at 806 ("If the district court dismisses all federal claims on the merits, it has discretion under [28 U.S.C. § 1367(c)] to adjudicate the remaining claims; if the court dismisses for lack of subject matter jurisdiction, it has no discretion and must dismiss all claims."). MMAS tried to sidestep this issue on appeal by—once again—concocting a new theory regarding jurisdiction. According to MMAS, the Second Amended Complaint adequately pled "diversity jurisdiction pursuant to 28 U.S.C. § 1332" and that the District Court lacked "discretion to refuse [jurisdiction over] state claims in a diversity case." Dkt. 16 at 27-28.

As explained in Charité's answering brief, MMAS never raised this argument at the trial court level and therefore waived it. All three versions of the complaint in this case explicitly alleged that the district court had "federal question jurisdiction under 28 U.S.C. § 1331" and "supplemental jurisdiction on [its] state law claims under 28 U.S.C. § 1367." ER-141 ¶ 8; SER-186 ¶ 13; ER-96 ¶ 10. By contrast, the FAC contains no reference to 28 U.S.C. § 1332 whatsoever, and the only time MMAS ever even mentioned diversity jurisdiction was in passing in the SAC. ER-96 ¶ 11.

Under well-established Ninth Circuit law, MMAS was the "party invoking the court's jurisdiction" and bore "the burden of proving that the case is properly in federal court." *Brooke v. Kashl Corp.*, 362 F.Supp.3d 864, 871 (S.D. Cal. 2019) (citing *McCauley v. Ford Motor Co.*, 264 F.3d 952, 957 (9th Cir. 2001)). Having left

obvious gaps in a throwaway statement that it failed to defend in the motion to dismiss briefing, MMAS failed to carry that burden, and could not do so on appeal with new theories it never raised in the preceding three years of litigation. *Baccei v. United States*, 632 F3d 1140, 1149 (9th Cir. 2011) (holding that courts will "not reframe an appeal to review what would be in effect a different case than the one decided by the district court."). This Court agreed, finding:

> MMAS did not allege the citizenship of the parties other than smartpatient GmbH in its operative complaint, and its allegation that "there is a complete diversity of citizenship" is insufficient to invoke the court's jurisdiction. *Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857-58 (9th Cir. 2001 ). Although "[ d]effective allegations of jurisdiction may be amended," *id*. at 858 (quoting 28 U.S.C. § 1653), the district court previously put MMAS on notice that its jurisdictional allegations were defective, and MMAS did nothing to correct them. The district court thus did not err in dismissing those claims.

Dkt. 44-1 at 4.

This result was obvious, and presenting an argument that was waived and wholly without merit was frivolous. Sanctions are, therefore, appropriate under Rule 38. *In re George*, 322 F.3d at 591.

### 4. *MMAS Pressed Frivolous Arguments on Even the One Issue it "Prevailed" on.*

The one argument MMAS prevailed on was its argument that it had standing to sue. But its arguments supporting standing included arguments that the standing ruling was precluded by collateral estoppel as a result of different district court ruling between two different parties. Op. Br. at 18-19. That argument then morphed into an argument that stare decisis precluded the District Court's findings on reply. Reply at 3. As counsel for Appellee pointed out on appeal and counsel for Appellant conceded, the stare decisis argument was frivolous. So was the collateral estoppel argument.

"Under both California and federal law, collateral estoppel applies only where it is established that (1) the issue necessarily decided at the previous proceeding is identical to the one which is sought to be relitigated; (2) the first proceeding ended with a final judgment on the merits; and (3) the party against whom collateral estoppel is asserted was a party or in privity with a party at the first proceeding." *Hydranautics v. FilmTec Corp.*, 204 F.3d 880, 885 (9th Cir. 2000).

None of these elements are present. Charité was not a party to the Western District of Washington litigation and is not in privity to the any of the parties of the litigation. And according to the Pacer docket that this Court may judicially notice, *see United States ex rel. Robinson Rancheria Citizens Council v. Borneo, Inc.*, 971 F.2d 248 (9th Cir. 1992), the Western District of Washington case was set for trial on November 27, 2023 and had therefore not "ended with a final judgment on the merits." *Hydranautics*, 204 F.3d at 885; *see also* SER-226-52.

Finally, the issues in the two cases are not identical. The findings in the Washington case held "that Dr. Morisky did not face irreparable harm from MMAS's use of the copyright to settle existing claims involving the copyrights, as permitted by the Settlement Agreement" but did not specifically analyze ownership or standing, which are at issue here. SER-112; *see also* ER-8-12.

As a result, even on the issue it prevailed on, MMAS pressed frivolous arguments.

### C.    Charité is Entitled to Recover Its Attorneys' Fees On Appeal.

"Rule 38 provides a basis for an award of attorney's fees." *In re Westwood Plaza North*, 889 F.3d at 977. To calculate an award of attorney's fees, courts use the "lodestar" method. *Ferland v. Conrad Credit Corp.*, 244 F.3d 1145, 1149 n.4 (9th Cir. 2001). This method takes the number of hours reasonably expended on the litigation and multiplies it by a reasonable hourly rate. *Morales v. City of San Rafael*,

96 F.3d 359, 363-64 (9th Cir. 1996). The prevailing market rate in the community is indicative of an attorney's reasonable hourly rate. *Blum v. Stevenson*, 465 U.S. 886, 895-96 n.11 (1984) (the requested rates must be "in line with those prevailing in the community for similar services by lawyers of reasonably comparable skill, experience, and reputation").

Time spent by billers during the course of litigation is compensable if it was the type and amount of work that would be billed to a fee-paying client. *See Moreno v. City of Sacramento* (9th Cir. 2007) 534 F.3d 1106, 1111. There is a presumption that the time spent by the attorneys for the prevailing party was reasonable. *Id.* "By and large, the court should defer to the winning lawyer's professional judgment as to how much time he was required to spend on the case; after all, he won, and might not have, had he been more of a slacker." *Id.* at 1112.

Although the party seeking fees must provide evidence to support the hours spent on litigating meritless claims, "[t]he party opposing the fee application has a burden of rebuttal that requires submission of evidence to the … court challenging the accuracy and reasonableness of the hours charged or the facts asserted by the prevailing party in its submitted affidavits." *Gates v. Deukmejian*, 987 F.2d 1392, 1397-98 (9th Cir. 1992). The fee applicant's records need not be extraordinarily detailed but should identify the general subject matter of the claimed time expenditures. *See Hensley v. Eckerhart*, 461 U.S. 424, 437 n. 12 (1983).

### 1.    *John D. Fowler*

John Fowler is a founding partner of Kibler Fowler & Cave LLP. Declaration of John D. Fowler ("Fowler Dec.") ¶ 4. He received his law degree from Loyola Law School in 2010.  Mr. Fowler was admitted to the California Bar in 2010 and to the United States Court of Appeals for the Ninth Circuit on March 14, 2023. Fowler Dec. ¶ 4. In his over thirteen years of practicing law, he has extensive experience

serving as lead trial and arbitration counsel in substantial commercial disputes and has been recognized by several industry publications for his work. Fowler Dec. ¶ 4. He was the lead counsel in this matter overseeing all aspects of this case. Fowler Dec. ¶ 4. Mr. Fowler's discounted hourly rate billed to Charité in this matter was $550, more than $200 below the 2022 MLA Survey of average billing rates for litigation and within the range of rates regularly charged and collected by law firms in Los Angeles County. *See* Fowler Dec. ¶ 4 and Ex. A. Mr. Fowler spent 10.6 hours working on this appeal. Fowler Dec. ¶ 4. Thus, the total amount billed to Charité for his work was $5,830.00. Fowler Dec. ¶ 4.

### 2. *Stephen F. Raiola*

Stephen Raiola is Counsel at Kibler Fowler & Cave LLP. He received his law degree from Georgetown University Law Center in 2015. Fowler Dec. ¶ 5. Mr. Raiola was admitted to the New York Bar in 2016, the District of Columbia Bar in 2017, and the United States Court of Appeals for the Ninth Circuit in 2017. Fowler Dec. ¶ 5. Mr. Raiola has substantial experience in litigating complex business disputes, and has served as counsel of record on a certiorari petition before the U.S. Supreme Court, briefed or argued over a dozen appellate matters across six federal circuits, the U.S. Supreme Court, the New York State Appellate Division, the Pennsylvania Superior Court, and the California Court of Appeal. Fowler Dec. ¶ 5. Mr. Raiola was brought into this case to assist with the appeal, and subsequently worked on every aspect of this appeal. Fowler Dec. ¶ 5. Mr. Raiola's discounted hourly rate billed to Charité in this matter was $525, which is well below the 2022 MLA Survey of average billing rates for litigation and within the range of rates regularly charged and collected by law firms in Los Angeles County. *See* Fowler Dec. ¶ 5 and Ex. A. Mr. Raiola spent 100.9 hours working on this appeal. Fowler Dec. ¶ 5. Thus, the total amount billed to Charité for his work was $62,492.50.

Fowler Dec. ¶ 5.

### 3. *Kevin J. Cammiso*

Kevin Cammiso is a Senior Associate at Kibler Fowler & Cave LLP. He received his law degree from Loyola Law School in 2017. Fowler Dec. ¶ 6. Mr. Cammiso was admitted to the California Bar in 2017 and to the United States Court of Appeals for the Ninth Circuit in 2023. Fowler Dec. ¶ 6. Since being admitted to the California Bar, Mr. Cammiso has gained substantial experience in litigating entertainment and intellectual property disputes from case inception to trial. Fowler Dec. ¶ 6. Mr. Cammiso has been involved since the inception of this case and worked on every aspect of this appeal. Fowler Dec. ¶ 6. Mr. Cammiso's discounted hourly rate billed to Charité in this matter was $500, which is well below the 2022 MLA Survey of average billing rates for litigation and within the range of rates regularly charged and collected by law firms in Los Angeles County. *See* Fowler Dec. ¶ 6 and Ex. A. Mr. Cammiso spent 140.5 hours working on this appeal. Fowler Dec. ¶ 6. Thus, the total amount billed to Charité for his work was $70,250.00. Fowler Dec. ¶ 6.

### 4. *Praveeta Garcia*

Praveeta Garcia is a Paralegal at Kibler Fowler & Cave LLP who assisted in the preparation, review, and filing of all documents filed by Charité during this appeal, as well as coordinated preparation of chamber's copies of Charité's answering brief. Fowler Decl. ¶ 7. Ms. Garcia's hourly rate billed to Charité in this matter was $165.00, well within the range of rates regularly charged and collected by paralegals in Los Angeles County. Fowler Dec. ¶ 7. She spent 17.4 hours working on this appeal. Fowler Dec. ¶ 7. Thus, the total amount billed to Charité for her work was $2,871.00. Fowler Dec. ¶ 7.

**5.** *Tasks Performed and Total Sanctions Amount*

A detailed itemization of the tasks performed on each date and the amount of time spent by each lawyer or paralegal on each task is attached as Exhibit B to the Declaration of John D. Fower filed concurrently herewith. Fowler Dec. ¶ 9 and Ex. B. All of the tasks identified therein were reasonable and necessary to sufficiently litigate the appeal. Fowler Dec. ¶ 9. Although Kibler Fowler & Cave LLP billed $141,493.50 in fees for this appeal, the firm voluntarily discounted their bills such that Charité only incurred $123,057.48 in attorneys' fees for handling this appeal. Fowler Dec. ¶ 10. Accordingly, Charité's total fee request through entry of judgment is $123,057.48, which represents the total amount Charité spent litigating the appeal. Fowler Dec. ¶ 10. Charité respectfully requests that the Court sanction MMAS in this amount for filing a patently frivolous appeal.

## IV. CONCLUSION

For the foregoing reasons, Charité respectfully requests an order sanctioning MMAS in the amount of $123,057.48 for filing a frivolous appeal.

Respectfully Submitted,

/s/ John Fowler
Stephen F. Raiola
  *Counsel of Record*
KIBLER FOWLER & CAVE LLP
100 South Juniper, 3rd Floor
Philadelphia, PA 19107
(267) 710-3003
sraiola@kfc.law

John D. Fowler
Kevin J. Cammiso
KIBLER FOWLER & CAVE LLP
11100 Santa Monica Blvd., Ste. 360

Los Angeles, CA 90025
(310) 409-0400
jfowler@kfc.law
kcammiso@kfc.law

*Attorneys for Appellee The Charité -
Universitätsmedizin Berlin*

## CERTIFICATE OF SERVICE

I hereby certify on April 10, 2024, I electronically filed copies of the foregoing Appellee's Motion for Sanctions Against Appellant in the Amount of $123,057.48 for Filing a Frivolous Appeal with the Clerk of the Court for the United States Court of Appeals for the Ninth Circuit by using the appellate CM/ECF system. I certify that all participants in the case are registered CM/ECF users, and service will be accomplished by the appellate CM/ECF system.

/s/ *John Fowler*
John D. Fowler
*Counsel for Appellee*

April 10, 2024